<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MAC TRUONG, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MARC JEAN-BAPTISTE, <br><br> Defendant. | Civil Action No. 21-12997 (SDW) (JSA) <br><br> **WHEREAS OPINION** <br><br> September 16, 2021 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Dr. Mac Truong's ("Plaintiff") Motion for Reconsideration (D.E. 8)[1] of Magistrate Judge Jessica S. Allen's and this Court's previous orders in this matter, (D.E. 4, 6, 7), and

**WHEREAS** Plaintiff filed this lawsuit on June 24, 2021, on behalf of himself and other plaintiffs.[2] (D.E. 1.) In his Complaint, Plaintiff conceded that he is a disbarred attorney and alleged to bring claims on behalf of the other plaintiffs in this case as their "attorney-in-fact." (D.E. 1 at 4 ¶ 18.) Plaintiff also requested to proceed *in forma pauperis* but did not file the required application. (D.E. 1-2; *see* D.E. 2 (instructing Plaintiff to pay the filing fee or submit an AO 239 application).[3]) On July 15, 2021, Emmanuel Coffy, Esq., filed a Motion to Substitute as Counsel

---

[1] Plaintiff's motion is titled "Motion Seeking Vacation of (i) 7/22/2021 Court Order Dismissing and Terminating This Case for Plaintiffs' Alleged Failure to Submit IFP Application and (ii) 7/19/2021 Order Allowing Coffy, Esq., Actual Attorney's for Defendant Marc Jean-Baptiste to Appear as Some Plaintiffs' Attorney Due to a Fatal Conflict of Interest, and . . . ." (D.E. 8 at 1 (some capitalization omitted).) Upon review of the substance of Plaintiff's motion, this Court will treat the motion as one for reconsideration of its previous orders.

[2] This opinion's references to "other plaintiffs" refer specifically to Salem Jacques, Claudy Jean-Baptiste, Marlene Jean-Baptiste, Stagne Clarck Jacques, Marie-Lourdes Francois, Salim Jacques, Marie-Betty Jean-Baptiste, Jean Robert Josue Jacques, Jean Nedy Jean-Baptiste, and Ford Pierre Jean-Baptiste.

[3] On June 30, 2021, the Clerk of the Court expressly informed Plaintiff that "[i]f the proper fee or *in forma pauperis* application is <u>not</u> submitted in 21 days, the complaint will be deemed withdrawn and the Court shall close the file in this matter without further notice." (D.E. 2.)

on behalf of the other plaintiffs.  (D.E. 3.)  Judge Allen denied the motion on July 19, 2021, reasoning that the other plaintiffs were *pro se* since they were not represented by an actual attorney, and a motion to substitute attorney was therefore unnecessary.  (D.E. 4.)  Accordingly, Mr. Coffy filed a Notice of Appearance on July 21, 2021, along with a Notice of Voluntary Dismissal of the other plaintiffs' claims, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  (D.E. 5.)  This Court dismissed the other plaintiffs' claims without prejudice on July 22, 2021.  (D.E. 6.)  This Court also dismissed Plaintiff's claims for failure to timely pay the required filing fee or submit the required application to proceed *in forma pauperis*.  (D.E. 7.)  On July 26, 2021, Plaintiff filed the instant motion, arguing that he is the rightful "attorney in fact" for the other plaintiffs.  (D.E. 8-1 at 5.)  Plaintiff also argues that he filed an application to proceed *in forma pauperis*, pointing to an exhibit containing multiple documents, (D.E. 8-5), none of which are the AO 239 application that the Clerk of the Court instructed him to file and all of which predate 2012;[4] and

**WHEREAS** a party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i).  A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995 at *2 (D.N.J. July 30, 2015) (citations omitted).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's*

---

[4] The documents filed as D.E. 1-1 and D.E. 8-5 include applications and orders to proceed *in forma pauperis*, but they are dated between 2006 and 2011 and provide no information regarding Plaintiff's current financial situation.

2

*Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process."  *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Plaintiff's Motion for Reconsideration fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its orders, or an error of fact or law that, if left uncorrected, would result in manifest injustice.  This Court has reviewed the documents in this matter and concludes that this Court's and Judge Allen's previous orders were legally and factually correct: (1) Plaintiff is not a licensed attorney authorized to bring claims on behalf of others; (2) the other plaintiffs selected a licensed attorney, Mr. Coffy, to represent them in this matter; (3) Mr. Coffy properly appeared in this matter and dismissed the other plaintiffs' claims; and (4) Plaintiff did not submit the appropriate filing fee or AO 239 application to proceed *in forma pauperis* despite being expressly instructed to do so; therefore,

Plaintiff's Motion will be **DENIED**.  An appropriate order follows.

                                                         /s/ Susan D. Wigenton
                                         **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        Jessica S. Allen, U.S.M.J.